UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Charles Kendrick,

      Plaintiff,

v.

William B. Daniel,
Peter Jon Von Hoek,
Kym Worthy, Michael Lehto,
the Detroit Police Department,
the State of Michigan, and
the Internal Revenue Service,

      Defendants.

_____/

Case No. 14-cv-14533
Hon. Judith E. Levy
Mag. Judge David R. Grand

**OPINION AND ORDER
DENYING PLAINTIFF'S MOTIONS FOR
DISCOVERY AND DISCLOSURE [5 & 9],
GRANTING HIS MOTION TO AMEND [8],
<u>AND DISMISSING THE COMPLAINT</u>**

## I. Introduction

This matter is pending before the Court on plaintiff Charles Kendrick's *pro se* civil rights case under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Also pending before the Court are plaintiff's motions for discovery, to amend the complaint, and for disclosure of information.

(Dkts. 5, 8, & 9).   Plaintiff is a state prisoner at the Cooper Street Correctional Facility in Jackson, Michigan.   The defendants are: William B. Daniel, plaintiff's criminal defense attorney in state court; Peter Jon Von Hoek, plaintiff's appellate attorney in state court; Kym Worthy, Prosecutor for Wayne County; Michael Lehto, an assistant Wayne County prosecutor; the Detroit Police Department and unnamed officers and investigators for the Department; the State of Michigan; and the Internal Revenue Service ("IRS") and its administrative staff.

## II.   Background

### a. The Complaint

Plaintiff alleges that Detroit police officers arrested him on the basis of hearsay and then coerced him into making a confession, despite his requests for an attorney.   Defendant William B. Daniel represented plaintiff at his preliminary examination.   Plaintiff was bound over to state circuit court on a charge of murder and subsequently convicted, apparently after pleading guilty.

Plaintiff claims that Mr. Daniel coerced him to plead guilty even though he is innocent.   He also claims that Mr. Daniel failed to (1) investigate his case, (2) file necessary motions, (3) provide plaintiff with

discovery materials, (4) subject the prosecution's case to adversarial testing, (5) meet with plaintiff to discuss trial strategy, (6) exercise due diligence and devote reasonable time to plaintiff's case.

Plaintiff asserts that Mr. Von Hoek, his appellate counsel, also failed to conduct an investigation or provide him with discovery and necessary materials.   According to plaintiff, Mr. Von Hoek filed a defective appeal challenging only plaintiff's sentence and refused to allow plaintiff to submit a supplemental brief.

Plaintiff seeks money damages, a writ of habeas corpus, and immediate release from custody.   He also wants the Court to hold the Detroit Police Department and its officers accountable for his wrongful arrest and subsequent conviction.   Plaintiff, furthermore, wants the courts, administrative agencies, and their staffs to be held responsible for frustrating his attempts to obtain relief.

Plaintiff's complaint does not explain his claims against Worthy, Lehto, the State of Michigan, or the IRS.

### B. The Motions

To the extent plaintiff's motion for discovery seeks information to support his application to proceed without prepayment of fee and costs,

those issues are now moot given Magistrate Judge Whalen's recent order granting plaintiff's application to proceed *in forma pauperis*. (Dkt. 10). The motion also seeks an order enjoining correctional officials from harassing and searching plaintiff, changing his housing assignment without the Court's permission, restricting his visits, and interfering with his mail and access to a telephone.

In his motion to amend, plaintiff adds details to his original statement of facts and reiterates his claim that defendants Daniel and Von Hoek provided ineffective assistance of counsel. In particular, he notes that Daniel failed to investigate the criminal histories of two of the state's witnesses and failed to challenge hearsay testimony. (Dkt. 8 at 7). He also seeks to add information to show that Von Hoek was "unskilled and unlearned of the law… and not familiar with motions, practice, and pleadings." (*Id.* at 2). Both of these failures, he alleges, contributed to the prejudice against him at trial and on appeal. (*Id.* at 4). The motion also seeks reimbursement for the transportation expenses that plaintiff's wife has incurred over the past twenty years as a result of visiting plaintiff in prison. (*Id.*)

Finally, in his "Ex Parte Motion for Disclosure… and for Discovery…," plaintiff requests an order compelling the defendants to disclose any agreements with witnesses or concessions made to witnesses in his state criminal case.  Plaintiff alleges that exculpatory information has been withheld from him and that the information will demonstrate he acted in self-defense and is innocent of murder.

## II. Legal Standard

The Court must dismiss a prisoner's complaint or any portion of the complaint if the Court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks money damages from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001).   A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  And "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law."  *Sigley v. Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006) (citing *West*

*v. Atkins*, 487 U.S. 42, 48 (1988), and *Searcy v. Dayton*, 38 F.3d 282, 286 (6th Cir. 1994)).

While a complaint need not contain "detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). "So, to survive scrutiny under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## III. Analysis

### A. Plaintiff's Complaint is Frivolous and Fails to State a Claim

Plaintiff's complaint is frivolous and fails to state a claim because it challenges his state conviction and seeks immediate release from

state custody.  When, as here, "a state prisoner is challenging the very

fact or duration of his physical imprisonment, and the relief he seeks is

a determination that he is entitled to immediate release or a speedier

release from that imprisonment, his sole federal remedy is a writ of

habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Thus,

plaintiff's challenge to the state prosecution against him is "cognizable

only in federal habeas corpus, with its attendant requirement of

exhaustion of state remedies." *Id*. at 499 n.14.  Furthermore,

> to recover damages for allegedly unconstitutional conviction
> or imprisonment, or for other harm caused by actions whose
> unlawfulness would render a conviction or sentence invalid,
> a § 1983 plaintiff must prove that the conviction or sentence
> has been reversed on direct appeal, expunged by executive
> order, declared invalid by a state tribunal authorized to
> make such determination, or called into question by a
> federal court's issuance of a writ of habeas corpus, 28 U.S.C.
> § 2254.  A claim for damages bearing that relationship to a
> conviction or sentence that has *not* been so invalidated is not
> cognizable under § 1983.

*Heck   v.   Humphrey*,   512   U.S.   477,   486-87   (1994)   (footnote

omitted)(emphasis in original).  *Heck* and subsequent related cases,

> taken together, indicate that a state prisoner's § 1983 action
> is barred (absent prior invalidation) -- no matter the relief
> sought (damages or equitable relief), no matter the target of
> the prisoner's suit (state conduct leading to conviction or
> internal prison proceedings) -- "*if* success in that action

would necessarily demonstrate the invalidity of confinement
or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).

Success in this action would necessarily demonstrate the invalidity of plaintiff's conviction and sentence. Therefore, he is barred from challenging his conviction and sentence in this civil rights action.

## B. Immunity and Color of Law

All of the named defendants must also be dismissed from this action.

Prosecutors performing "[f]unctions that serve as an 'integral part of the judicial process' or that are 'intimately associated with the judicial process' are absolutely immune from civil suits." *Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Thus, Wayne County Prosecutor Kym Worthy and assistant prosecutor Michael Lehto enjoy absolute immunity for their role in prosecuting plaintiff.

As noted above, defendants Daniel and Von Hoek were plaintiff's trial and appellate lawyers. Whether they were compensated by the State or retained by plaintiff, "[d]efense attorneys… do not act under color of state law when they perform a lawyer's traditional functions as

counsel to the accused in a criminal proceeding." *Floyd v. County of Kent*, 454 F. App'x, 493, 497 (6th Cir. 2012) (quoting *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)). Consequently, plaintiff has failed to prove the second element of a civil rights action (acting under color of law) as to defendants Daniel and Von Hoek.

As for the remaining defendants, "[t]he City of Detroit Police Department is not a legal entity against which a suit can be directed," *Pierzynowski v. Police Dep't City of Detroit,* 941 F. Supp. 633, 637 n.4 (E.D. Mich. 1996), and "[t]he IRS, as an agency of the United States, is... shielded from private actions unless sovereign immunity has been waived." *Beneficial Consumer Discount Co. v. Poltonowicz*, 47 F.3d 91, 94 (3d Cir. 1995). Plaintiff has not alleged any basis for concluding that the IRS waived its sovereign immunity in this case. He has also failed to sufficiently plead how the IRS allegedly violated his constitutional rights. *See Iqbal*, 556 U.S. 662. Therefore, the IRS and Detroit Police Department must be dismissed from this action.

Finally, states enjoy absolute immunity from suit under the Eleventh Amendment unless they consent to being sued. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (*per curiam*). "The state of Michigan . . .

has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (internal citation omitted), and "Congress did not intend to abrogate the states' Eleventh Amendment immunity by passing section 1983." *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 383 (6th Cir. 1993).   The State of Michigan, therefore, is immune from suit.

## IV. Conclusion and Order

For the reasons set forth above, plaintiff's allegations lack an arguable basis in law and fail to state a plausible claim for which relief may be granted.   Accordingly, it is hereby ordered that:

Plaintiff's complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Plaintiff's motion to amend his complaint is GRANTED to the extend the Court has considered the additional factual allegations set forth in the motion.

Plaintiff's motion for discovery is DENIED because the Michigan Department of Corrections has provided the financial statement that plaintiff was seeking and the Court has granted his request to proceed

*in forma pauperis.*   Furthermore, the Court cannot grant the other relief sought (an order compelling correctional officials to stop harassing plaintiff and interfering with his visits, mail, and access to the telephone) because plaintiff has not named any correctional officials as defendants.

Plaintiff's motion for disclosure of prosecution agreements made with witnesses and for discovery of documents related to plaintiff's prosecution is DENIED.   A district court is not required to allow "a fishing expedition masquerading as discovery." *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001).   Plaintiff may pursue discovery in state post-conviction proceedings.   *See Kendrick v. Irwin*, 77 F. App'x 770, 771 (6th Cir. 2003).

Finally, an appeal from this order would be frivolous and could not be taken in good faith.   28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

IT IS SO ORDERED.

Dated: March 6, 2015                     s/Judith E. Levy
Ann Arbor, Michigan                    JUDITH E. LEVY
                                                   United States District Judge

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 6, 2015.

s/Felicia M. Moses_____

FELICIA M. MOSES

Case Manager
